711 S.E.2d 251

**Thurman W. WILSON, Jr., s/k/a Thurman Woodrow Wilson, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0728–10–1.**

Court of Appeals of Virginia,
Chesapeake.

July 12, 2011.

---

Jean Veness, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.

Present: KELSEY, PETTY and BEALES, JJ.

BEALES, Judge.

Thurman W. Wilson, Jr. (appellant) was convicted in a bench trial of forcible sodomy and animate object sexual penetration, in violation of Code §§ 18.2–67.1 and 18.2–67.2.[2] On appeal, appellant argues that the circuit court committed reversible error when it denied his motions (1) to return the matter to the juvenile and domestic relations district court (JDR court) prior to trial for a hearing on the appropriateness of counseling or therapy for appellant, and (2) to place appellant on probation pending the completion of counseling or therapy after the circuit court made its finding of guilt. Because we disagree with appellant's arguments, we affirm his convictions for the following reasons.

## I. BACKGROUND

The magistrate issued warrants against appellant charging him with committing forcible sodomy against his wife and charging him with committing object sexual penetration against his wife. When appellant was then arrested, the charges were placed on the docket of the JDR court for a preliminary hearing. *See* Code § 16.1–241(J). Based on his wife's testimony at appellant's preliminary hearing,[3] the JDR court made a finding of probable cause and certified the charges to a grand jury for indictment. Appellant did not request at the preliminary hearing (or at any other time while

---

2. In addition, appellant was convicted of abduction with the intent to defile, domestic assault and battery, and threatening to bomb a dwelling. Those convictions are not before this Court on appeal.

3. The preliminary hearing was transcribed.

his charges were pending before the JDR court) that the JDR court consider authorizing a report to address the feasibility of counseling or therapy for appellant and to assess whether such treatment would be successful. *See* Code § 19.2–218.1.

The grand jury found "[a] true bill" for the indictment on both charges, and the charges were set on the docket of the circuit court. Prior to trial before the circuit court, appellant moved that court to return the matter to the JDR court "for a hearing to determine whether counseling or therapy is appropriate." Appellant argued that Code § 19.2–218.2 required returning the matter to the JDR court for that purpose because counseling or therapy was not discussed during appellant's preliminary hearing in the JDR court. In response, the Commonwealth argued that Code § 19.2–218.2 was inapplicable because appellant had already received a preliminary hearing pursuant to Code § 19.2–218.1. The circuit court denied appellant's motion to return the matter to the JDR court.

After the circuit court found appellant guilty, appellant moved the court to "defer further proceedings" and to place appellant "on probation pending completion of counseling or therapy" under Code §§ 18.2–67.1(C) and 18.2–67.2(C). However, the attorney for the Commonwealth opposed appellant's motion—and appellant acknowledged that such relief was unavailable to him under those statutes unless the complaining witness *and* the Commonwealth both consented. Thus, the circuit court denied appellant's motion.

At appellant's sentencing hearing, appellant's trial counsel asked the victim, appellant's wife, if she had anticipated that the prosecution of appellant "was going to play out as it has" and if she would "have been satisfied if you-all had gone to counseling" when she first reported her allegations against appellant to the police. In response to the prosecutor's objection to this questioning, appellant's trial counsel asserted that these questions were relevant because they explored "what [appellant's wife's] attitude was toward the prosecution" and whether she was aware of "any [sentencing] alternatives that

are allowed by statute." However, the circuit court ruled that any responses to these questions were irrelevant, given that the Commonwealth did not consent to appellant's receiving counseling or therapy under Code §§ 18.2–67.1(C) and 18.2–67.2(C).[4] Appellant did not proffer any expected responses that the wife would have given to these questions.

## II. ANALYSIS

### A. APPELLANT'S PRE–TRIAL MOTION TO RETURN THE MATTER TO THE JDR COURT

■ Appellant argues that the circuit court erred under Code § 19.2–218.2 when it declined to return the matter to the JDR court for a hearing on the appropriateness of appellant receiving counseling or therapy. That statute states, in pertinent part:

> In any case involving a violation of § 18.2–61, 18.2–67.1, or 18.2–67.2 where the complaining witness is the spouse of the accused, *where a preliminary hearing pursuant to § 19.2–218.1 has not been held prior to indictment or trial,* the [circuit] court shall refer the case to the appropriate juvenile and domestic relations district court for a hearing to determine whether counseling or therapy is appropriate prior to further disposition unless the hearing is waived in writing by the accused. The court conducting this hearing may order counseling or therapy for the accused in compliance with the guidelines set forth in § 19.2–218.1.

Code § 19.2–218.2(A) (emphasis added).[5] Appellant contends that his preliminary hearing in the JDR court was not held

---

**4.** Appellant's trial counsel asked the wife a similar question during cross-examination at trial. The circuit court found that the question was premature at that point in the proceedings because Code §§ 18.2–67.1(C) and 18.2–67.2(C) apply only "[u]pon a finding of guilt"—and the circuit court had not yet reached its verdict in appellant's bench trial.

**5.** Code § 19.2–218.2(B) also provides:

> After such hearing pursuant to which the accused has completed counseling or therapy and upon *the recommendation* of the juvenile

"pursuant to [Code] § 19.2–218.1" because the appropriateness of counseling or therapy was not discussed at that time; thus, appellant asserts that Code § 19.2–218.2 required the circuit court to return the case to the JDR court for a hearing on that subject.

This assignment of error involves the meaning of two statutes—Code § 19.2–218.1 and Code § 19.2–218.2. As an appellate court, we review such issues of statutory interpretation *de novo.* *Jones v. Commonwealth,* 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008). " '[U]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute.' " *Baker v. Commonwealth,* 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009) (quoting *Elliott v. Commonwealth,* 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009)). " 'When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated.' " *Id.* (quoting *Elliott,* 277 Va. at 463, 675 S.E.2d at 182). "Courts cannot 'add language to the statute the General Assembly has not seen fit to include.' " *Washington v. Commonwealth,* 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006) (quoting *Holsapple v. Commonwealth,* 266 Va. 593, 599, 587 S.E.2d 561, 564–65 (2003)).

In addition, "whenever 'a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each.' " *Boynton v. Kilgore,* 271 Va. 220, 229, 623 S.E.2d 922, 927 (2006). Accordingly, we must read and construe Code § 19.2–218.1 and Code § 19.2–218.2 together in order to give

---

and domestic relations district court judge conducting the hearing, the judge of the circuit court *may* dismiss the charge with the consent of the attorney for the Commonwealth and if the court finds such action will promote maintenance of the family unit and be in the best interest of the complaining witness.
(Emphasis added).

both statutes their full meaning, force, and effect as intended by the General Assembly. *Id.*

Code § 19.2–218.1(A) provides, in pertinent part:

In *any preliminary hearing* of a charge for a violation under § 18.2–61, 18.2–67.1, or 18.2–67.2 where the complaining witness is the spouse of the accused, upon a finding of probable cause the court *may* request that its court services unit, in consultation with any appropriate social services organization, local board of mental health and mental retardation, or other community mental health services organization, prepare a report analyzing the feasibility of providing counseling or other forms of therapy for the accused and the probability such treatment will be successful.

(Emphasis added).[6]

Here, appellant was charged under Code §§ 18.2–67.1 and 18.2–67.2, and the JDR court held a preliminary hearing on those charges. Appellant's wife was the complaining witness, and she testified during the preliminary hearing. Under Code § 19.2–218.1(A), the JDR court was permitted—but not required—at the preliminary hearing to authorize the preparation of a report analyzing the feasibility of providing counseling or other forms of therapy for appellant and assessing the probability that such treatment would be successful. However, appellant did not request at the preliminary hearing—or at any other time before the charges were certified to the grand jury—that the JDR court even consider authorizing such a report in this case (and the JDR court certainly was not required to request such a report *sua sponte* ).

Given appellant failed to request that the JDR court authorize the preparation of a report addressing the appropriateness of counseling or therapy before the JDR court found probable cause for the charges and certified the matter to the grand jury, Code § 19.2–218.2 certainly did not require that the

---

**6.** Authorizing the preparation of such a report is the opening step of a multi-step process outlined in Code § 19.2–218.1(A)—a process that ultimately requires the consent of both "the complaining witness and the attorney for the Commonwealth."

circuit court then return the case to the JDR court for consideration of whether counseling or therapy was appropriate in this case. Code § 19.2–218.2 was not enacted to provide such relief to a defendant, such as appellant, who had already had a preliminary hearing in the JDR court.

Instead, the provisions of Code § 19.2–218.2 apply "[i]n any case involving a violation of § 18.2–61, 18.2–67.1, or 18.2–67.2 where the complaining witness is the spouse of the accused, *where a preliminary hearing pursuant to § 19.2–218.1 has not been held prior to indictment or trial ....*" Code § 19.2–218.2(A) (emphasis added). A preliminary hearing is unnecessary, of course, when a defendant has been directly indicted. *Wright v. Commonwealth,* 52 Va.App. 690, 700, 667 S.E.2d 787, 792 (2008) (en banc); *see Britt v. Commonwealth,* 202 Va. 906, 907, 121 S.E.2d 495, 496 (1961). Construing Code § 19.2–218.2 together with Code § 19.2–218.1, therefore, it is clear that the General Assembly enacted Code § 19.2–218.2 to ensure that defendants who have been *directly indicted* for the commission of certain offenses against their spouses will have an opportunity to request a hearing in the JDR court to address the appropriateness of counseling or therapy.

Therefore, Code § 19.2–218.2 ensures that a directly indicted defendant has *the same opportunity* to receive a hearing in the JDR court addressing the appropriateness of counseling or therapy as a defendant who is charged by a warrant and thus automatically receives a preliminary hearing in the JDR court where he can simply raise this subject pursuant to Code § 19.2–218.1. To interpret Code § 19.2–218.2 as requiring the circuit court to return the matter to the JDR court, when a defendant has already appeared before the JDR court for a preliminary hearing, would give some defendants *a second opportunity* to raise the subject of counseling or therapy in the JDR court. Such an interpretation would eviscerate the clear legislative purpose for enacting Code § 19.2–218.2—to give defendants *the same opportunity* to raise the issue of counseling and therapy. As an appellate court, we cannot and

should not interpret Code § 19.2–218.2 (or any statute) "in a manner that will make a portion of it useless, repetitious, or absurd." *Porter v. Commonwealth,* 276 Va. 203, 230, 661 S.E.2d 415, 427 (2008) (quoting *Jones v. Conwell,* 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)).

Accordingly, we hold that the circuit court did not err under Code § 19.2–218.2 when it declined to return the matter to the JDR court, given appellant *could have* asked (but *did not* ask) the JDR court to address the appropriateness of counseling or therapy at his preliminary hearing pursuant to Code § 19.2–218.1.[7]

## B. APPELLANT'S MOTION TO DEFER ENTRY OF JUDGMENT PENDING COUNSELING OR THERAPY

■ Appellant also argues that the circuit court abused its discretion under Code §§ 18.2–67.1(C) and 18.2–67.2(C) by, upon finding appellant guilty, declining to place him on probation pending the completion of counseling or therapy. Instead, the circuit court proceeded to enter a judgment of guilt and sentence him to a total of 88 years, with 74 years suspended, for committing forcible sodomy and animate object sexual penetration (and other offenses that are not before this Court on appeal) against his wife.

Code §§ 18.2–67.1(C) and 18.2–67.2(C) both include the following provision:

Upon a finding of guilt under this section, when a spouse is the complaining witness in any case tried by the court without a jury, the court, without entering a judgment of guilt, upon motion of the defendant who has not previously had a proceeding against him for violation of this section dismissed pursuant to this subsection *and with the consent*

---

7. Given our holding, we need not address the Commonwealth's argument that Code § 19.2–218.2(A) is directory and not mandatory. *See Jamborsky v. Baskins,* 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994) (explaining that "the use of 'shall' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent").

*of the complaining witness and the attorney for the Com-monwealth,* may defer further proceedings and place the defendant on probation pending completion of counseling or therapy, if not already provided, in the manner prescribed under § 19.2–218.1. If the defendant fails to so complete such counseling or therapy, the court may make final dispo-sition of the case and proceed as otherwise provided. If such counseling is completed as prescribed under § 19.2–218.1, the court may discharge the defendant and dismiss the proceedings against him if, after consideration of the views of the complaining witness and such other evidence as may be relevant, the court finds such action will promote maintenance of the family unit and be in the best interest of the complaining witness.

(Emphasis added). Simply put, the provisions of Code §§ 18.2–67.1(C) and 18.2–67.2(C) are inapplicable without "the consent of the complaining witness and the attorney for the Commonwealth."

Here, the Commonwealth's Attorney clearly *did not* consent to the circuit court placing appellant on probation pending the completion of counseling or therapy. Since the consent of appellant's wife *and* the consent of the Commonwealth were required for appellant to obtain relief under Code §§ 18.2–67.1(C) and 18.2–67.2(C), the circuit court certainly did not err in finding that the Commonwealth's refusal to consent to counseling or therapy was dispositive.

Appellant claims that the Commonwealth's position *might* have changed if his trial counsel had been permitted to ask his wife various questions exploring her views on what punish-ment she considered appropriate for appellant. However, appellant concedes that "it is impossible to determine" now on appeal if the Commonwealth's position would have changed if appellant's trial counsel had been permitted to ask such questions because no proffer was made regarding the answers that these questions would have elicited. It was *appellant's* responsibility to proffer his wife's expected testimony so as to create a sufficient record for this Court to consider his argu-ment on appeal. *See Tynes v. Commonwealth,* 49 Va.App. 17,

21, 635 S.E.2d 688, 690 (2006). Appellant's failure to proffer his wife's expected testimony "is fatal to his claim on appeal." *Molina v. Commonwealth,* 47 Va.App. 338, 368, 624 S.E.2d 83, 97 (2006).

## III. CONCLUSION

The circuit court did not err when it declined to return the matter to the JDR court prior to trial, and the circuit court did not err when it declined to place appellant on probation pending the completion of counseling or therapy after finding him guilty. Accordingly, for the foregoing reasons, we affirm appellant's convictions for forcible sodomy and animate object sexual penetration.

*Affirmed.*